**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL DAVIS, JR.**, | |
| Plaintiff, | CASE NO. 1:20-CV-01961-DAP |
| vs. | JUDGE DAN A. POLSTER |
| **PEPSICO, INC.** and **BOTTLING GROUP, L.L.C.** | |
| Defendants. | |

## ANSWER OF DEFENDANTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PEPSICO, INC. ("Defendant PepsiCo") and BOTTLING GROUP, L.L.C. ("Defendant Bottling") (collectively, "Defendants"), through the undersigned counsel, answer the Amended Complaint for Damages and Reinstatement (hereinafter the "Complaint") filed in this cause by Michael Davis, Jr. (hereinafter "Plaintiff"), and respectfully would show onto the Court the following:

1. Defendants, on information and belief, admit to the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants admit to the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants lack sufficient knowledge or information to admit to or deny the allegations set forth in Paragraph 3 of the Complaint, and therefore deny same.

4. Paragraph 4 of the Complaint contains an assertion of law for which no responsive pleading is required. Insofar as an assertion of fact may be inferred therein, Defendants deny the allegations.

5. Defendants deny that the material allegations alleged in the Complaint occurred at all, and otherwise deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except that Defendants admit only that this federal court has personal jurisdiction over the parties.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except that Defendants admit only that venue is proper in this federal court.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except that Defendants admit only that this federal court has subject matter jurisdiction over Plaintiff's claims.

## ALLEGED FACTS

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint, insofar as directed at Defendant PepsiCo. Insofar as directed solely at Defendant Bottling as Plaintiff's former employer, Defendants admit to the allegations.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint, insofar as directed at Defendant PepsiCo. Defendants admit to the allegations set forth therein, only insofar as Defendant Bottling hired Plaintiff in July 2016.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint, insofar as directed at Defendant PepsiCo. Defendants deny that Plaintiff ever was employed by

Defendant PepsiCo.  Defendants admit to the allegations therein, only insofar as Plaintiff, in March of 2017, was employed by Defendant Bottling.  Otherwise, Defendants deny the allegations.

12. Defendants presently lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and therefore deny same.

13. Defendants presently lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and therefore deny same.

14. Defendants presently lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and therefore deny same.

15. Defendants presently lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and therefore deny same.

16. Defendants presently lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and therefore deny same.

17. The allegations set forth in Paragraph 17 of the Complaint make a legal assertion, for which no responsive pleading is required.  Insofar as a responsive pleading is required, Defendants deny the allegations.

18. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and therefore deny same.

19. The allegations set forth in Paragraph 19 of the Complaint make a legal assertion, for which no responsive pleading is required.  Insofar as a responsive pleading is required, Defendants deny the allegations.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint, except that Defendants admit that Plaintiff requested leave in March 2017 due to a reported knee sprain.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint, insofar as directed at Defendant PepsiCo.  Defendants deny that Plaintiff ever was employed by Defendant PepsiCo.  Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations set forth therein, and therefore deny same.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants presently lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of the Complaint, and therefore deny same.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint, insofar as directed at Defendant PepsiCo.  Defendants deny that Plaintiff ever was employed by Defendant PepsiCo.  Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny same.

27. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and therefore deny same.

28. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and therefore deny same.

29. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of the Complaint, and therefore deny same.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint, insofar as directed at Defendant PepsiCo.  Defendants deny that Plaintiff ever was employed by Defendant PepsiCo.  Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations set forth therein, and therefore deny same.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint, insofar as contending that Defendant PepsiCo was under a duty to enter into the interactive process with Plaintiff. Defendants deny that Plaintiff ever was an employee of Defendant PepsiCo. Otherwise, Defendants deny the allegations set forth therein.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint, insofar as contending that Defendant PepsiCo was under a duty to enter into the interactive process with Plaintiff. Defendants deny that Plaintiff ever was an employee of Defendant PepsiCo. Otherwise, Defendants deny the allegations set forth therein.

33. Defendants at present lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of the Complaint, and therefore deny same.

34. Defendants at present lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of the Complaint, and therefore deny same.

35. Defendants at present lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of the Complaint, and therefore deny same.

36. Defendants at present lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 36 of the Complaint, and therefore deny same.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants at present lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 40 of the Complaint, and therefore deny same.

41. Defendants admit to the allegations set forth in Paragraph 41 of the Complaint, only insofar as Plaintiff submitted a grievance to Defendant Bottling on or about October 26, 2018. Otherwise, Defendants deny the allegations set forth therein.

42. Defendants admit to the allegations set forth in Paragraph 42 of the Complaint, only insofar as Plaintiff alleged in his grievance, dated October 26, 2018, that he "was singled out on [his] shift for going up front while sorting cans…." Otherwise, Defendants deny the allegations.

43. Defendants admit to the allegations set forth in Paragraph 43 of the Complaint, only insofar as Plaintiff made reference in his October 26, 2018 grievance to having attendance points removed and that the disciplinary action grieved was "backlash" for such removal. Otherwise, Defendants deny the allegations.

44. Defendants admit to the allegations set forth in Paragraph 44 of the Complaint, only insofar as Plaintiff asserted in his October 26, 2018 grievance that on the same day as his attendance points were removed, he was assessed a write-up from twenty (20) days prior. Otherwise, Defendants deny the allegations.

45. Defendants admit to the allegations set forth in Paragraph 45 of the Complaint, only insofar as Plaintiff asserted, untruthfully, in his October 26, 2018 grievance that he was getting "harassed [sic] or discrimination [sic]."

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint, insofar as directed at Defendant PepsiCo. Defendants deny that Plaintiff ever was employed by Defendant PepsiCo. Defendants admit to the allegations, only insofar as Defendant Bottling terminated Plaintiff's employment on November 29, 2018.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

## **COUNT ONE**
## **DISABILITY DISCRIMINATION**

58. Defendants restate the foregoing Paragraphs 1 through 57 of this Answer, as if fully restated herein verbatim.

59. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 59 of the Complaint, and therefore deny same.

60. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 60 of the Complaint, and therefore deny same.

61. Paragraph 61 of the Complaint sets forth only an assertion of law for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations set forth therein.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint set forth only an assertion of law for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations set forth therein.

64. Paragraph 64 of the Complaint sets forth only an assertion of law for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations set forth therein.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

## COUNT TWO
## RETALIATION IN VIOLATION OF R.C. § 4112.01, et seq.

81. Defendants restate the foregoing Paragraphs 1 through 80 of this Answer, as if fully restated herein verbatim.

82. Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint set forth a legal assertion and not an assertion of fact, for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations set forth therein.

84. Paragraph 84 of the Complaint set forth a legal assertion and not an assertion of fact, for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations set forth therein.

85. Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in Paragraph 93 of the Complaint, except that Defendants admit only that Plaintiff's employment was terminated by Defendant Bottling.

94. Defendants deny the allegations set forth in Paragraph 94 of the Complaint, except that Defendants admit that Plaintiff's employment terminated on November 29, 2018, within six months of his October 26, 2018 grievance.

95. Defendants deny the allegations set forth in Paragraph 95 of the Complaint, except that Defendants admit that Plaintiff's employment terminated on November 29, 2018, within six months of his October 26, 2018 grievance.

96. Defendants deny the allegations set forth in Paragraph 96 of the Complaint, except that Defendants admit that Plaintiff's employment terminated on November 29, 2018, within six months of his October 26, 2018 grievance.

97. Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint makes legal assertions and not assertions of fact, such that no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations.

99. Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

## COUNT THREE
## FMLA RETALIATION

101. Defendants restate the foregoing Paragraphs 1 through 100 of this Answer, as if fully restated herein verbatim.

102. Paragraph 102 of the Complaint sets forth a legal assertion for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations insofar as directed at Defendant PepsiCo, Inc., which was never Plaintiff's employer.

103. Paragraph 103 of the Complaint sets forth a legal assertion for which no responsive pleading is required. Insofar as a responsive pleading is required, Defendants deny the allegations insofar as directed at Defendant PepsiCo, Inc., which was never Plaintiff's employer.

104. Defendants deny the allegations set forth in Paragraph 104 of the Complaint, insofar as directed at Defendant PepsiCo, Inc. Plaintiff was never employed by Defendant PepsiCo, Inc. Otherwise, the allegations are denied in part. Plaintiff requested FMLA leave both before becoming eligible and after becoming eligible for it.

105. Defendants deny the allegations set forth in Paragraph 105 of the Complaint, insofar as directed at Defendant PepsiCo, Inc. Plaintiff was never employed by Defendant PepsiCo, Inc. Otherwise, the allegations are denied in part. Plaintiff requested FMLA leave both before becoming eligible and after becoming eligible for it.

106. Paragraph 106 of the Complaint is admitted in part and denied in part. Plaintiff requested FMLA leave both before becoming eligible and after becoming eligible for it.

107. Defendants admit to the allegations set forth in Paragraph 107 of the Complaint, only insofar as such leave was requested while Plaintiff was employed with Defendant Bottling. Otherwise, Defendants deny the allegations.

108. Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109. Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110. Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111. Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112. Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113. Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114. Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115. Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

## DEMAND FOR RELIEF

116. Defendants deny that Plaintiff is entitled to any of the relief sought in his Demand for Relief.

117. Any and all allegations set forth in the Complaint which have not specifically been admitted to or denied in the foregoing paragraphs are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

118. Plaintiff has failed to state a claim or claims for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

119. Plaintiff's employment was terminated by the uniform application of facially neutral and nondiscriminatory work rules.

### THIRD AFFIRMATIVE DEFENSE

120. Insofar as a trier of fact may determine that the termination of Plaintiff's employment was in whole or in part unlawfully motivated, which Defendants deny, Plaintiff's employment would have terminated at the time it terminated for lawful, nondiscriminatory and non-retaliatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

121. Plaintiff has failed to mitigate his damages, if any, and Defendants are entitled to an offset for interim earnings, and for such earnings as Plaintiff would have earned or received through the exercise of reasonable diligence.

**FIFTH AFFIRMATIVE DEFENSE**

122. Plaintiff's recovery of non-economic and punitive damages cannot, in any event, exceed the maximum amounts permitted by R.C. § 2315, *et seq.*, including § 2315.18(C) and § 2315.21, and Defendants plead all caps on damages and other protections provided for therein.

WHEREFORE, Defendants PEPSICO, INC. and BOTTLING GROUP, L.L.C., having answered, pray that Plaintiff take nothing on his claims, that Plaintiff's suit be dismissed in its entirety and with prejudice, and that the Court award to Defendants their costs and general relief.

Respectfully submitted,

*/s/  Karen Soehnlen McQueen*
Karen Soehnlen McQueen (0016883) and
Marcus L. Wainwright (0078353), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street N.W./P.O. Box 36963
Canton, OH 44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
kmcqueen@kwgd.com; mwainwright@kwgd.com

and

**Raymond A. Cowley**
Texas State Bar No. 04932400
(*Pro Hac Vice Application to be Submitted*)
**Dykema Gossett, PLLC**
1400 North McColl Rd., Suite 204
McAllen, Texas 78501
Telephone: (956) 984-7400
Facsimile:  (956) 984-7499
Email:  rcowley@dykema.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Answer of Defendants* was filed electronically this 4th day of September 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Additionally, I hereby certify that a copy of the foregoing was served this 4th day of September 2020, by sending it by electronic means to the email address(es) identified below to:

    Brian D. Spitz (#0068816)
    Andrew D. Pappert (#0093964)
    The Spitz Law Firm, LLC
    25200 Chagrin Blvd., Suite 200
    Beachwood, Ohio 44122
    Telephone: (216) 291-4744
    Fax: (216) 291-5744
    Email: drew.papperty@spitzlawfirm.com

    */s/ Karen Soehnlen McQueen*
    Karen Soehnlen McQueen (0016883) and
    Marcus L. Wainwright (0078353), of
    KRUGLIAK, WILKINS, GRIFFITHS
     & DOUGHERTY CO., L.P.A.
    ATTORNEYS FOR DEFENDANTS